IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

    Petitioner,                    No. 2:10-cv-2422 KJN P

   vs.

TIM V. VIRGA, Warden,

    Respondent.               ORDER

_____/

      Petitioner, a state prisoner proceeding without counsel, has filed an action on a form for a petition for a writ of habeas corpus. Petitioner alleges, inter alia, that he received inadequate mental health care at California Medical Facility, and was subjected to incidents of excessive force, in violation of the Eighth Amendment. Petitioner is presently housed at California State Prison-Sacramento.

      A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of a petitioner's conviction. By contrast, a civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the prisoner's confinement.[1]

---

[1] This is not the first time plaintiff has been informed of this distinction. See Nguon v. Virga, 2:02-cv-1115 GGH P, Order filed July 13, 2010, at 1. Indeed, plaintiff has filed 18 actions on habeas corpus forms in the Sacramento Division of the Eastern District since January 1, 2010, most of which raised claims unrelated to the fact or duration of petitioner's conviction.

1  Because petitioner's claims do not challenge his custody, it is not appropriate for a § 2254 action.

2  Therefore, this case will be dismissed.  See Rule 4, Rules Governing Section 2254 Cases; see

3  also Nguon v. Dickinson, 2:10-cv-0295 KJM P, Order filed February 12, 2010.

4  　　　　　In accordance with the above, IT IS HEREBY ORDERED that this action is

5  dismissed.

6  DATED:  September 16, 2010

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　KENDALL J. NEWMAN
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

nguo2422.dm

---

A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  In addition, when filing a civil rights complaint challenging the conditions of confinement, the prisoner must provide a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Moreover, pursuant to federal statute, a filing fee of $350.00 is required to commence a civil rights action in federal district court.  28 U.S.C. § 1914(a).  Even if petitioner is granted leave to proceed in forma pauperis, he is responsible for the $350.00 filing fee in a civil rights action, which will be deducted from petitioner's prison trust account.  Id.